# SUPREME COURT.

CHARLES STANDACHER agt. SIMON PREGENZER.

*Arrest — discharge from — how obtained — supersedeas.*

The proper remedy for the discharge of a person held in custody, after a surrender or delivery of his bail, and after the statutory time has elapsed in which he must be charged on execution, is by *supersedeas* (2 R. S. [*Edm. ed.*], p. 577, sec. 37).

The time within which a defendant must be charged on execution, before a supersedeas can be moved for, is to be computed from the time the judgment is actually entered, not from the time the plaintiff is entitled to judgment.

Any evidence of the entry of judgment three months prior to the application for the *supersedeas* or of a failure to charge the defendant in execution three months after the surrender, is sufficient, and where such proof is furnished and not denied, the defendant must be discharged.

*Special Term, November*, 1876.

*Charles H. Smith*, for motion.

*J. L. Lindsay*, opposed.

LAWRENCE, *J.* — The proper remedy of the defendant is by *supersedeas* (2 R. S. [*Edmond's ed.*], p. 577, sec. 37; *and see Smith* agt. *Knapp*, 30 N. Y., p. 590). The statute provides that where any defendant shall be in custody upon a surrender or delivery of his bail made after judgment obtained against him, and such bail shall be thereupon exonerated, the plaintiff in such judgment shall charge such defendant, on execution thereon, within three months after such surrender, or, if an execution against the property of such defendant shall have been issued, within three months after the return

Standacher agt. Pregenzer.

day of such execution. The time within which a defendant must be charged on execution before a *supersedeas* can be moved for is to be computed from the time the judgment is actually entered, not from the time the plaintiff is entitled to judgment (*Tippman* agt. *Petentzer*, 18 *How. P. R.*, 270). In this case judgment was entered December 9, 1875. The defendant was surrendered by his bail July 29, 1876; and the bail exonerated September, 22, 1876, by an order of the court, and no execution issued against the defendant's person since his surrender. Three months have therefore elapsed, not only from the time of the entry of judgment, but also since the defendant's surrender by his bail. In any aspect, therefore, the defendant is entitled to his discharge, unless, under section 37 of 2 Revised Statutes, 577, good cause is shown to the contrary. No such cause is shown, and no affidavits are read on the part of the plaintiff to show such cause. The affidavit shows when judgment was rendered, and when the bail surrendered the defendant; and the opinion of the court (9 *Abbott*, 209–220), referred to by the plaintiff's counsel (*see same case*, 18 *How.*, 270), does not state that, where such facts are shown and not disputed, it is necessary to produce a certified copy of the docket. Judge DALY, in that case, maintained that it must be shown that judgment had been entered, and he cited *Dunlop's Practice*, which states that a certified copy of the docket must be produced. In the case before him no judgment had been entered, and he was simply pointing out the fact that it must affirmatively appear that judgment had been entered, and the citation from *Dunlop* was made for that purpose. In my opinion, any evidence of the entry of judgment three months prior to the application for the *supersedeas*, or of a failure to charge the defendant in execution three months after the surrender, is sufficient. Such proof is furnished, and not denied, in this case. The defendant must, therefore, be discharged.